EMANUEL WEINSTEIN and Another, Appellants, *v.* CHARLES BOAS, Respondent.

First Department, March 13, 1936.

*Nathan Weinstein* of counsel [*Isidore L. Weishar* with him on the brief; *Weinstein & Weishar*, attorneys], for the appellants.

*Jacob Cottin*, for the respondent.

PER CURIAM. The two plaintiffs and the defendant owned the entire capital stock of a corporation known as Goodrich Clothes, Inc., each owning one-third thereof. The complaint alleges that when the corporation did not have sufficient funds to pay certain specified outstanding debts and obligations, defendant requested plaintiffs to advance the necessary moneys and agreed to repay plaintiffs one-third of any moneys so advanced and, also, one-third of a balance due plaintiffs for merchandise shipped to Goodrich Clothes, Inc., by plaintiffs' own firms, known as W. & C. Clothing Co. and Fashiontown Clothes Co.; that in reliance upon defendant's promise and agreement plaintiffs advanced $6,220.35; that the balance due plaintiffs for merchandise shipped to Goodrich Clothes, Inc., amounted to $3,172.42, of which amount defendant promised to repay plaintiffs one-third; that there was subsequently turned over to plaintiffs $2,202.31 on account of moneys so advanced by plaintiffs, leaving a balance of $7,190.46; that defendant's share under his agreement to repay was $2,396.82; that, although plaintiffs duly demanded payment, defendant refused to pay as agreed, except that he did pay $500, leaving a balance due and owing by defendant to plaintiffs in the sum of $1,896.82, for the recovery of which this action was brought. The second cause of action was alleged on a claimed account stated for the said sum.

Plaintiffs' testimony was to the effect that when the Goodrich Clothes, Inc., found itself unable to pay its obligations the defendant orally made the agreement alleged and the plaintiffs made the advances alleged, relying on such agreement. There was testimony also of the submission of a claimed account and defendant's failure to make any objection thereto. At the close of plaintiffs' case the trial court dismissed the complaint, apparently upon the theory that the obligations were debts of the Goodrich Clothes, Inc., and that there was no consideration for defendant's promise to repay. If, however, the jury believed plaintiffs' testimony, there was consideration for the agreement, both in the detriment suffered

by plaintiffs in making the payments and in the benefit to the defendant and all the parties through keeping the corporation a going concern. The agreement might also be sustained as a promise for a promise to make equal further advances or contributions to a corporation in which all were equally interested.

Plaintiffs made out a *prima facie* case, and it was accordingly error to dismiss at the close of the plaintiffs' case.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present —MARTIN, P. J., GLENNON, UNTERMYER, DORE and COHN, JJ.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.